MANION, Circuit Judge,
dissenting.
In today’s decision, this court holds that when a party seeking to admit evidence asserts the existence of an out-of-court agreement to allow that evidence, it is an abuse of discretion for district judge to exclude that evidence, even when the judge believes that evidence is inadmissible hearsay and the moving party has made no showing to the contrary. Because I disagree, I dissent. Given that today’s decision for the court lacks some detail, I write separately to examine what this court has done, and to raise concerns about the burden-shifting we have imposed.
In order to reverse the judgment below, this court must first find that it was an abuse of discretion for the judge in this case to have excluded Banovz’s video testimony from trial. The district court held that Banovz was available as a witness and the plaintiffs had “failed to lay a proper foundation that Banovz lacked the appropriate recollection under F.R.E. 803(5) ... Nevertheless, Banovz was able to review the [videotaped] statement on the stand and testify to its contents.” Pittman v. County of Madison, No. 3:08-cv-890-SMY-DGW, slip op. at 12, 2016 WL 4039702 (S.D. Ill. July 28, 2016). Critically, the court today makes two factual findings. First, it finds that “the passage of seven years had dimmed [Banovz’s] recollection to a considerable extent.” Second, it finds that there was a stipulation for admitting the video testimony. The court does not specify why and how it makes these determinations, neither of which is supported by the record. In the process, the court shifts the burden from the party moving to admit evidence (to prove foundation for that evidence) to the party seeking to exclude the evidence (to prove lack of foundation). See Fed. R. Evid. 103(a)(2).
At trial, the district judge excluded the video as lacking a proper foundation. When pressed, plaintiffs counsel had no explanation for why the video ought to have been allowed other than a reference to a prior, out-of-court informal agreement with defense counsel. The court also explicitly asked what harm would come of excluding the video, and counsel stated simply that the harm was that “the proper regulation of the Court requires [admitting the videotape]” based upon the purported prior agreement of the defense counsel. Transcript of Jury Trial Proceedings Day 2 of 8 at 146:12-147:2, Pittman v. County of Madison, No. 3:08-cv-890-SMY (S.D. Ill. March 3, 2015), ECF No. 233. Plaintiffs counsel did not attempt to make any showing that Banovz did not adequately recall the events about which he was testifying.
Counsel also failed to make any additional offer of proof other than to rely upon what he termed a “stipulation,” but which the trial court explicitly noted was not a stipulation. At best, the parties had an informal agreement relating to admission of evidence, the precise contours of which is disputed, and which was never presented to the district judge until day two of the trial. This court should not elevate that agreement to the status of a stipulation absent fact-finding below. Moreover, the so-called stipulation first arose when plaintiffs counsel was pressed for an offer of proof for the video testimony. The trial court explicitly noted that the *739 repeated references by plaintiffs counsel to an agreement was “not an offer of proof.” Id. at 143:16. In the hearing below relied upon by this court today, the district judge summarized what was before her: “[T]he offer of proof ... as I understand it [is] some agreement that you allege existed whereby [defense counsel] agreed to allow a hearsay statement to come into evidence without proper foundation .... I believe what you are asking the Court to do is to somehow enforce an agreement that you say existed [to admit a] statement [which] is clearly hearsay. It is clearly hearsay.” Id. at 144:22-145:13.
Yet even supposing Banovz’s videotaped statement were improperly excluded, as a court of appeals we would be obliged to make a further determination: was this improper exclusion so prejudicial as to require disturbing the judgment below? Specifically, we would be obliged to determine whether the erroneous exclusion had “a substantial and injurious effect or influence on the determination of a jury and the result is inconsistent with substantial justice ... [E]ven if a judge’s decision is found to be erroneous, it may be deemed harmless if the record indicates the trial result would have been the same.” Lewis v. City of Chicago Police Dept., 590 F.3d 427, 440 (7th Cir. 2009). As noted above, plaintiffs counsel was unable to provide any reason why exclusion of the videotape would prejudice his client. Furthermore, Banovz was allowed to quietly read the pertinent parts of the transcript of his videotaped statement in the presence of the jury before testifying about the aftermath of Pittman’s suicide attempt. There is no indication that this was insufficient to jog Banovz’s memory, because he himself noted: “I’m a very fast reader.” Id. at 151:22. After being provided with time to read the whole transcript, the judge verified that Banovz had read the entire thing. Banovz also stated that the transcript was accurate. During his testimony, counsel even directed Banovz back to the statement, to refresh his recollection in real time. Id. at 161:4.
There is no indication Banovz omitted any information included in the video: the only complaint that the plaintiff has is that Banovz was a cagey and unreliable witness in person. As plaintiffs trial counsel noted at oral argument, the entire reason he took the case was the videotape. But Banovz was still available as a witness. Over eight days of trial, the jury clearly concluded that the prison guards were credible when they claimed that they followed prison procedure to the letter. There is no indication that Banovz’s essentially identical video testimony would have changed their minds. In other words, any error in excluding the video was harmless.[1]
The district judge in this case was not persuaded that the videotape was admissible under any of the hearsay exceptions and made a reasonable decision to exclude it. This was not an abuse of discretion, and I therefore dissent.

. I also dissent to note that the remedy in this case does not settle two other, undetermined issues on appeal not addressed by the court. When this case is retried, the district court will presumably again exclude the testimony of the bank representative with the financial interest in this litigation as irrelevant, and will again retain venue in Benton, Illinois. I find no error in either of these two determinations.